The Honorable Steve Faris State Senator 29476 Highway 67 Malvern, Arkansas 72104
Dear Senator Faris:
I am writing in response to your request for an opinion on several questions concerning mineral interests in lands owned by the Arkansas Game and Fish Commission. Specifically, you relay the following information and pose the following questions:
 The Arkansas Game and Fish Commission is charged with the control, management, restoration, conservation and regulation of birds, fish, game and wildlife resources of the State of Arkansas. The agency is funded by act of the General Assembly. In addition, the commission benefits from revenue derived from the 1996 conservation sales tax passed by the people of Arkansas. These sums sufficiently fund the Game and Fish Commission and enable it to fulfill its duties to the citizens of Arkansas.
 It is my understanding that the commission possesses a large amount of acreage located within the Fayetteville shale play. The commission is currently accepting proposals for mineral exploration and production on seventeen (17) commission-owned lands. Regardless of the number of leases the commission chooses to accept, it is likely to see a large financial windfall through mineral exploration and production on its lands. These funds would result in the commission possessing revenue far in excess of that necessary for it to adequately fulfill its duties.
 Given this background, I pose the following question: Who has access to the funds the commission would derive from mineral exploration and production on commission-owned lands? Are the funds solely the property of the commission of may the State of Arkansas access the funds to redirect them toward needed areas such as health care or public education? Would the Game and Fish Commission have exclusive use of the funds regardless of any determination by the Arkansas General Assembly that the newfound financial resources resulted in funding far in excess of the commission's operational needs?
RESPONSE
In my opinion the answer to your first question is that the Arkansas Game and Fish Commission has "access" to the funds in question, after appropriation by the General Assembly from the Game Protection Fund. In response to your second question, in my opinion the funds may not be redirected to purposes other than those listed in Amendment 35. The answer to your third question is that, again, the moneys arising from the sources you mention may only be appropriated for the purposes listed in Amendment 35.
Question 1 — Who has access to the funds the commission wouldderive from mineral exploration and production oncommission-owned lands?
In my opinion the Arkansas Game and Fish Commission has "access," after appropriation by the General Assembly, to the funds the Commission would derive from mineral exploration and production on Commission-owned lands. In my opinion this result is dictated by Arkansas Constitution, Amendment 35, § 8, which provides in pertinent part as follows:
 The fees, monies, or funds arising from all sources
by the operation and transaction of the said Commission and from the application and administration of the laws and regulations pertaining to birds, game, fish and wildlife resources of the State and the sale of property used for said purposes shall be expended by the Commission for the control, management, restoration, conservation and regulation of the birds, fish and wildlife resources of the State, including the purchases or other acquisitions of property for said purposes and for the administration of the laws pertaining thereto and for no other purposes. All monies shall be deposited in the Game Protection Fund with the State Treasurer and such monies as are necessary, including an emergency fund, shall be appropriated by the Legislature at each legislative session for the use of the Game and Fish Commission as hereto set forth. No monies other than those credited to the Game Protection Fund can be appropriated.
(Emphasis added).
In my opinion, receipts from mineral leases on Commission-owned lands are included in the phrase "funds arising from all sources" by the operation of the Commission and within the phrase "from the sale of property used for said purposes." The section above thus requires that the funds be "expended by the Commission for the control, management, restoration, conservation and regulation of the birds, fish and wildlife resources of the State" and for "no other purposes." As a consequence the answer to your first question is that the Arkansas Game and Fish Commission has "access" to the funds in question, after appropriation by the General Assembly from the Game Protection Fund as detailed in Section 8 above.
Question 2 — Are the funds solely the property of the commissionof may the State of Arkansas access the funds to redirect themtoward needed areas such as health care or public education?
In my opinion the funds may not be redirected to purposes other than those listed in Amendment 35. As noted above, the funds may only be expended for "the control, management, restoration, conservation and regulation of the birds, fish and wildlife resources of the State" and for "no other purposes." As stated inW.R. Wrape Stave Co. v. Ark. Game Fish Comm., 215 Ark. 229,219 S.W.2d 948 (1949):
 Although appropriations must come from the General Assembly, money received from sources mentioned in the Amendment is not available — even with legislative approval — for any uses other than those expressed or necessarily implied; and the Commission determines what property is needed.
Id. at 234.
The answer to your second question is that the funds, after appropriation, may only be expended by the Commission, and may not be redirected by the General Assembly to other state purposes.
Question 3 — Would the Game and Fish Commission have exclusiveuse of the funds regardless of any determination by the ArkansasGeneral Assembly that the newfound financial resources resultedin funding far in excess of the commission's operational needs?
It is clear from Section 8 of Amendment 35 above that the funds may not be redirected to purposes other than those listed in Amendment 35. Section 8 of Amendment 35 states that "such monies as are necessary, including an emergency fund, shall be appropriated by the Legislature at each legislative session for the use of the Game and Fish Commission as hereto set forth." The General Assembly is thus required to appropriate necessary funds, including an emergency fund, for the Commission's use. As a consequence, to the extent the General Assembly appropriates monies from the Game Protection Fund, they must be appropriated for the purposes listed in Amendment 35.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh